**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SOULETTE KATRENE
COSMA,

    Plaintiff,

v.                                              Case No. 14-11787

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                              /

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS;
(2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION;
(3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT;
AND (4) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Soulette Cosma appeals from Defendant Commissioner of Social Security's denial of supplemental security income. Magistrate Judge Anthony P. Patti issued a Report and Recommendation ("R. & R.") advising the court to grant Defendant's motion for summary judgment and deny Plaintiff's motion for summary judgment. (Dkt. # 17.) Plaintiff timely filed objections to the R. & R. (Dkt. # 18), to which Defendant responded (Dkt. # 19), and Plaintiff replied (Dkt. # 20). After reviewing the R. & R. and the parties' briefs, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below and in the well-reasoned R. & R., the court will overrule Plaintiff's objections and adopt the R. & R.[1]

---

[1]The relevant medical and administrative histories are fully laid out in the Magistrate Judge's R. & R. Dkt. # 17, Pg. ID at 854-65. Relevant facts are also incorporated into the below Discussion section where relevant.

# I. STANDARD

## A. Timely Objections and *De Novo* Review

The filing of timely objections to an R. & R. requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," *Thomas v. Arn,* 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

## B. Substantial Evidence Standard

In a social security case, the court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009)

(quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g). When, as here, the Appeals Council declines review of a plaintiff's claim, "the decision of the ALJ becomes the final decision of the [Commissioner]." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).

The court's review of the record for substantial evidence is quite deferential to the ALJ. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Pittsburgh & Conneaut Dock Co. v. Dir., Office of Workers' Comp. Programs*, 473 F.3d 253, 259 (6th Cir. 2007), "even if that evidence could support a decision the other way," *Casey*, 987 F.2d at 1233. Moreover, the court bases its review on the entire administrative record, not just what the ALJ cited. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). "Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## II. DISCUSSION

### A. Objection One

Plaintiff first objects that "[t]he Magistrate Judge held that Claimant's treating doctor's <u>opinion</u> is entitled to no weight and the ALJ is entitled to ignore that opinion. Said holding is contrary to the Commissioner's Regulations, the record and legal precedent." (Pl.'s Objs. at 1-2 (emphasis in original).) Defendant responds that the

Magistrate Judge merely determined that an ALJ may assign no weight to the part of a treating doctor's opinion that finds a claimant is permanently and totally disabled, because such a determination is reserved to the discretion of the Commissioner. (Def.'s Resp. at 2 (citing 20 C.F.R. 416.927(d)(1); *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007))).

Defendant is correct. The Social Security regulations provide that some opinions are not medical opinions, and instead are "opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case." 20 C.F.R. 416.927(d). "Opinions that you are disabled" are one such set of opinions that are reserved to the Commissioner. *Id.* at 416.927(d)(1). "A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." *Id.* The ALJ "will not give any special significance to the source of an opinion on issues reserved to the Commissioner." *Id.* at 416.927(d)(3); *see also Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007) ("Subsection (e)(3) further elaborates that no 'special significance' will be given to opinion of disability, even if they come from a treating physician.").

Thus, the Magistrate Judge was correct; the ALJ acted properly when she gave no weight to the physicians opinion that Plaintiff was totally disabled. In making her objection, Plaintiff fails to distinguish between medical opinions and legal conclusions. The regulations require deference when a treating physician opines as to the former but not the latter. Plaintiff's first objection is therefore denied.

### B. Objection Two

Plaintiff objects on the ground that "[t]he Magistrate Judge ignored the Commissioner's Regulations and Court precedent by rejecting the basic principle that all medical conditions will wax and wane and that the longitudinal treatment by the treating source most effectively addresses the overall condition of Claimant." (Pl.'s Objs. at 4.) Plaintiff, however, does not point to any portion of the R. & R. that indicates the Magistrate Judge or the ALJ rejected the possibility that a condition could wax or wane. Plaintiff only cites to the portion of the R. & R. in which the Magistrate Judge finds that there was substantial evidence for the ALJ to find that Plaintiff's condition was under control such that she was not totally disabled. (*Id.*)

Belying Plaintiff's objection, the ALJ specifically considered periods during which Plaintiff exhibited declining mental or physical health. (*See e.g.*, Dkt. # 9-2, Pg. ID 113 ("claimant had a mild flare-up of lupus and a mild worsening of depression")). The ALJ also considered evidence that Plaintiff's lupus and osteoporosis were under control, and that her treating physician reported she was doing well and exercising daily. (*Id.* at Pg. ID 113-14.) Thus, the ALJ did not "cherry pick" the evidence, as Plaintiff claims. She weighed the evidence and reached a conclusion supported by substantial evidence.

Additionally, Plaintiff's citation to the *Gentry* case is unavailing. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708 (6th Cir. 2014). In that case, the ALJ *failed to address* evidence that Plaintiff's condition was not improving. *Id.* at 724-25. The ALJ considered periods of improvement and cessation of treatment, but failed to consider that following each of those periods was a corresponding period of declining health or continued impairment. *Id.* The Sixth Circuit disapproved of the ALJ's analysis because she considered the upswings and ignored the downswings. *Id.* In this case, the ALJ

5

addressed and cited to both upswings and downswings in Plaintiff's health and afterwards concluded that Plaintiff's condition was under control and did not rise to the level of total disability. (R. & R. at 20; Dkt. # 9-2, Pg. ID 112-15.)

Plaintiff's argument amounts to a contention that if a condition waxes and wanes, then an ALJ must find that Plaintiff is disabled. That is not so, and *Gentry* does not stand for that proposition. Instead, an ALJ is charged with considering both the ups and the downs, that is, all the record evidence, and deciding if the claimant is disabled. That is what the ALJ did here, and thus the court rejects Plaintiff's second objection.

### C. Objection Three

Plaintiff argues that "[t]he ALJ's 'cherry picking' mandates reversal particularly given the fact the fact that the treating source finding of disability was confirmed by 'two' consulting doctors who examined the Claimant." (Pl.'s Obj. at 6.) The Objection goes on to cite the opinion of state consultative examiner Dr. Montsair, who recommended that due to her lupus, fatigue, and osteoporosis, Plaintiff should not lift, push, or pull anything weighing more than five pounds. (*Id.*)

Like objection two, this argument essentially states a disagreement with how the ALJ weighed evidence. The district court's review, however, is limited to ensuring that the ALJ followed proper procedure and that her conclusions were based on substantial evidence. *Rabbers*, 582 F.3d at 651. Substantial evidence is the amount of evidence that would allow a reasonable mind to accept the challenged conclusion as adequately supported "even if that evidence could support a decision the other way." *Casey*, 987 F.2d at 1233. Indeed, courts have recognized that allegations of cherry picking are seldom successful because they call for the court to re-weigh the evidence. *See*

*DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 725 (6th Cir. 2014) (citing *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 284 (6th Cir. 2009) ("[W]e see little indication that the ALJ improperly cherry picked evidence; the same process can be described more neutrally as weighing the evidence.")

A proper understanding of the standard is especially relevant where the opinion of a state consultive examiner is at issue. As the Magistrate Judge noted, the treating source rule, which generally gives controlling weight to the opinions of a physician with whom a claimant has an ongoing treatment relationship, does not apply to consultive examiners. (R. & R. at 2 (citing *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507 (6th Cir. 2006) ("[A] plethora of decisions unanimously hold that a single visit does not constitute an ongoing treatment relationship . . . .").) Instead, under 20 C.F.R. § 416.927(e)(2)(i), an ALJ need only "consider" the findings of a consultive examiner.

The treatment of Dr. Mills' opinion was consistent with these legal principles. The ALJ found that Dr. Montsair's opinion conflicted with objective evidence in the record and therefore took the opinion into consideration but gave it little weight. (Dkt. # 9-2, Pg. ID 113.) Further, the Magistrate Judge found that substantial evidence supported the ALJ's treatment of Mr. Montsair's opinion, citing record evidence that many of Plaintiff's health concerns were under control, that she had a normal range of motion and musculature, and that her heart and lungs were operating within normal ranges. (R. & R. at 22.)

Further, it appears that the ALJ did take note of the five pound limitation articulated by Dr. Montsair. The ALJ stated that "1/2 of the jobs cited require no lifting or carrying more than 5 pounds." (Dkt. # 9-2, Pg. ID 119.) Though the five pound limitation

7

was "not incorporated into the residual functional capacity because the objective medical evidence does not support the inclusion of these limitations . . . even if these limitations were included . . . the claimant could still perform [the] jobs testified to by the vocational expert." Thus, even if the ALJ had adopted Dr. Montsair's opinion whole cloth, she still would have found that Plaintiff was able to do other work and therefore not disabled under the Social Security regulations. *See* 20 C.F.R. § 416.920(g) ("If you can make an adjustment to other work, we will find you not disabled.").

### D. Objection Four

Plaintiff argues that the treatment of Dr. Mills' opinion is "legally invalid" because the ALJ discounted portions of it that were based on Plaintiff's subjective statements about her condition. (Pl.'s Obj. at 7.) The Sixth Circuit has stated, however, that a treating physician's opinion is not entitled to deference where "it was based on [Plaintiff's] subjective complaints, rather than objective medical data." *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 156 (6th Cir. 2009); *see also Teverbaugh v. Comm'r of Soc. Sec.*, 258 F. Supp. 2d 702, 705 (E.D. Mich. 2003). Thus, the ALJ was justified in discounting Dr. Mills' opinion.

Even ignoring this principle, Dr. Mills presented two conflicting reports, and other evidence in the record contradicted his findings. Dr. Mills is a state psychological examiner who examined Plaintiff twice. In February of 2011, Dr. Mills determined that she was not able to manage her income and did not appear suitable to work. (Dkt. # 9-7, Pg. ID 420.) In March of 2011, Dr. Mills determined that Plaintiff was in fact able to manage her income, but that the stress and pressure of employment would cause her problems. (Dkt. # 9-8, Pg. ID 437.) The ALJ gave the first opinion no weight, but gave

the second opinion some weight because it was consistent with other record evidence. (Dkt. # 9-2, Pg. ID 116.) The second report was consistent with Plaintiff's treating psychologist's opinion that she would have mild to moderate difficulty in social and occupational functioning. (*Id.*) Indeed, under the regulations, the treating physician's opinion receives more deference than that of a physician who does not have an ongoing treatment relationship. *See* 20 C.F.R. § 416.902. The ALJ did just that by deferring to the treating psychologist and giving limited weight to the consultative examiner. Thus, again, Plaintiff's complaint is with the ALJ's weighing of evidence, and this court agrees with the Magistrate Judge that substantial evidence and the law support the ALJ's treatment of Dr. Mills' opinion.

### E. Objection Five

Plaintiff finally argues that there was no evidence to establish that she could sustain work on a regular basis. (Pl.'s Obj. at 5.) This argument ignores clear record evidence that was considered and cited by the ALJ. In her Findings of Fact and Conclusions of Law, the ALJ gave weight to the opinion of Dr. Main, a state agency consultant who "concluded that the claimant could perform light work." (Dkt. # 9-2, Pg. ID 115.) Specifically, he opined that Plaintiff could lift or carry twenty pounds for one-third or less of the day, lift or carry ten pounds for one-third to two-thirds of a day, stand or walk for six hours a day, and sit for six hours a day. (Dkt. # 9-3, Pg. ID 201.) Plaintiff's fifth objection is therefore meritless.

### III. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's objections [Dkt. # 18] are OVERRULED and the Magistrate Judge's report and recommendation [Dkt. # 17] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment [Dkt. # 14] is GRANTED and Plaintiff's motion for summary judgment [Dkt. # 12] is DENIED.

 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: September 29, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 29, 2015, by electronic and/or ordinary mail.

 s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522